

**Tagged Opinion**

**ORDERED in the Southern District of Florida on July 20, 2010.**

　　　　　　　　　　　　　　　　　　　　　John K. Olson, Judge
　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov**

**In re**:

Lonnie Kevin **Hinds**,

　　　Debtor.
_____/

Case No.: 09-23764-BKC-JKO

Chapter 13

**Order Denying Debtor's Motion to Deem Secured Claims
Against Real Property Contingent and Unliquidated**

On May 18, 2010, Debtor Lonnie Kevin Hinds filed a Motion to Deem Secured Claims Against Real Property Contingent and Unliquidated at the Time of Filing for Purposes of Jurisdictional Limits Set Forth Under § 109 of the Bankruptcy Code.[1] No creditor has opposed the motion or Chapter 13 plan confirmation, which is now in its ninth amended version.[2]

---

[1] *See* [ECF No. 200] (Docket entries are now referred to as "ECF No." *See* THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION, B7.1.4, at 21 (Columbia Law Review Ass'n et al. eds., 19th ed. 2010).

[2] *See* [ECF No. 218].

*Background*

The Debtor owned or co-owned seven parcels of real property at the time of filing, but subsequently surrendered his interests in five of them. Of the two remaining properties, the first is located at 8012 NE 7th Avenue in Miami with a value of $139,200 set by order dated October 29, 2009.[3] The second is located at 448 NE 56th Street in Miami with a value of $160,000 set by order dated June 15, 2010.[4] The Debtor argues that market fluctuations make valuation of the other five surrendered parcels difficult absent further expensive valuation hearings or agreement of the parties. For example, in valuing 448 NE 56th Street, I was troubled that competing appraisals differed by almost 200%.[5]

*Discussion*

Essentially, this Debtor's debts far exceed the limits specified in 11 U.S.C. § 109(e). The Summary of Schedules filed on July 7, 2009 listed secured claims totaling $4,815,529.42 and unsecured claims totaling $105,157.95.[6] As of the bar date, secured claims totaled $1,842,292.77 and unsecured claims totaled $251,714.14.[7] Section 109(e) provides:

> Only an individual with regular income that owes, **on the date of the filing of the petition**, noncontingent, liquidated, unsecured debts of less than [$360,475] and noncontingent, liquidated, secured debts of less than [$1,010,650] . . . may be a debtor under chapter 13 of this title.[8]

---

[3] *See* [ECF No. 106].

[4] *See* [ECF No. 211].

[5] *See* [ECF No. 187].

[6] *See* [ECF No. 1], at 6.

[7] *See* [ECF No. 200].

[8] 11 U.S.C. § 109(e) (emphasis added).

The Debtor exceeds these limits, and the bracketed numbers above are the more recent, higher limits effective April 1, 2010.

The interesting question here is whether the Debtor can subsequently squeeze himself within the limits of § 109(e) by surrendering real property of questionable value. The Debtor argues that his surrender of the five parcels created uncertainty regarding the deficiency claims, rendered them contingent or unliquidated, and thus excluded those amounts from the "[w]ho may be a debtor" calculus of § 109.

Unfortunately for the Debtor, "the starting point in any analysis of a debtor's eligibility for relief under Chapter 13 . . . is the debtor's bankruptcy petition and schedules."[9] Here, the Debtor claimed on his schedules that he had secured claims of $4,815,592.42 and unsecured claims totaling $105,157.95. The secured claims amount placed the Debtor over the § 109(e) limit and he therefore was not permitted to be a debtor under Chapter 13.

But even if I were to proceed past this "starting point," the Debtor still loses. The majority view on this issue is that a dispute regarding liability or amount of debt is insufficient to render a claim contingent or unliquidated for § 109(e) purposes.[10] Although this may sound odd

---

[9] *In re Smith*, 365 B.R. 770, 780 (Bankr. S.D. Ohio. 2007).

[10] *See In re Adams*, 373 B.R. 116, 120 (Bankr. D. Wyo. 2007) (citing *Mazzeo v. United States (In re Mazzeo)*, 131 F.3d 295, 305 (2d Cir.1997) (citing *United States v. Verdunn*, 89 F.3d 799, 802 n. 9 (11th Cir. 1996) ("Most courts have concluded ... that disputed debts are included in the calculation of the amount of debt [for Chapter 13] eligibility purposes . . . [T]he vast majority of courts have held that the existence of a dispute over either the underlying liability or the amount of a debt does not automatically render the debt either contingent or unliquidated."))); *see also In re Slack*, 187 F.3d 1070, 1072 (9th Cir. 1999) ("[W]e conclude that a debt can be liquidated even though liability is in dispute."); *In re Knight*, 55 F.3d 231, 234-35 (7th Cir. 1995) (holding that if amount of claim can be determined, then debt is liquidated even though debtor may dispute liability); *In re De Jounghe*, 334 B.R. 760, 770 (B.A.P. 1st Cir. 2005) (holding that the majority view is that the existence of a dispute over either the underlying liability or the amount of the debt does not automatically render a debt either "contingent" or "unliquidated" for Chapter 13 eligibility); *In re Barcal*, 213 B.R. 1008, 1014 (B.A.P. 8th Cir. 1997) (holding that a debt is liquidated if the process for determining the amount of the claim is "fixed, certain or otherwise determined

at first blush, the majority holds this view because "[o]therwise, a debtor, simply by characterizing certain claims as disputed, could ensure his eligibility to proceed under Chapter 13 in circumstances that Congress intended to exclude from that chapter."[11]  To avoid guaranteeing Chapter 13 eligibility (which would eviscerate congressional intent) while maintaining expeditious administration of Chapter 13, I must follow the path paved by the Eleventh Circuit in *United States v. Verdunn* while not falling into the trap of conducting expensive valuation hearings simply to determine whether a debtor is eligible under § 109(e).  As stated in *Adams*:

> Since limited eligibility is intended to implement the expeditious administration of Chapter 13 reorganizations, requiring a bankruptcy court to decide the merits of disputed claims before determining eligibility would impose an impractical burden and delay upon the Chapter 13 court. Further, to allow a debtor a full determination on the merits of a disputed claim by the bankruptcy court would permit and encourage improper forum shopping.[12]

Finally, this particular debtor's fate is hopelessly sealed by the fact that the subject properties were surrendered post-petition.  In determining eligibility for Chapter 13, bankruptcy courts look to the amount of debt as of the petition date and not to post-petition events.[13]  As of the petition date, secured claims were $4,815,529.42 and the §109(e) limit is about a fifth of that amount.  It is accordingly ORDERED that the Debtor's Motion to Deem Secured Claims Against Real Property Contingent and Unliquidated at the Time of Filing for Purposes of Jurisdictional Limits Set Forth Under § 109 of the Bankruptcy Code **[ECF No. 200]** is **DENIED**.

---

by a specific standard" regardless of whether liability is disputed or the amount of evidence which may need to be considered to determine if there is liability).

[11] *Id.* at 121 (citing *Mazzeo v. United States (In re Mazzeo)*, 131 F.3d 295, 305 (2d Cir.1997)).

[12] *See id.*

[13] *See In re Slack*, 187 F.3d 1070, 1073 (9th Cir. 1999).